ROTH, Atty. Gen. v. DELANO, Comptroller, et al.

No. 10615.

United States Court of Appeals
Sixth Circuit.

Jan. 26, 1950.

Julius H. Amberg, of Grand Rapids, Mich., and Archie C. Fraser, of Lansing, Mich. (Eugene F. Black, Archie C. Fraser, Percival R. Piper, and Irving B. Feldman, all of Lansing, Mich., and Julius H. Amberg, of Grand Rapids, Mich., on the brief), for appellant.

Robert S. Marx, of Cincinnati, Ohio (Robert S. Marx and Lawrence I. Levi, both of Cincinnati, Ohio, Orville J. Thill, of Detroit, Mich., and Frank M. Wiseman, of Cincinnati, Ohio, on the brief; Nichols,· Wood, Marx & Ginter, of Cincinnati, Ohio, of counsel), for appellee.

Before HICKS, Chief Judge, MARTIN and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

This is the fourth of the series of appeals by the State of Michigan in its efforts to apply its statutes of escheat to unclaimed deposits in the First National Bank-Detroit, in liquidation since 1933. See Starr v. O'Connor, 6 Cir., 1941, 118 F.2d 548; Rushton v. Schram, 6 Cir., 1944, 143 F.2d 554; Starr v. Schram, 6 Cir., 1944, 143 F.2d 561; Black v. Delano, 6 Cir., 1948, 170 F.2d 966. In the present case, our judgment has been vacated and the cause remanded to us for such action as we may consider appropriate in the light of Mr. Justice Jackson's opinion. Roth v. Delano, 338 U.S. 226, 70 S.Ct. 22.

The Supreme Court does not state that the judgment entered by us was erroneous, but asserts that recourse to our opinions creates some doubt as to whether we have held Act 170, Public Acts of Michigan for 1941, to be invalid for conflict with the Constitution and laws of the United States or inapplicable by intendment of the Michigan legislature.

In Rushton v. Schram, 6 Cir., 143 F.2d 554, 559, we said: "We do not presume that the Michigan legislature intended to disregard principles of comity between state and federal authority to the extent of ignoring the interpretation by the federal court in Starr v. O'Connor, supra, of the then existing Michigan laws of escheat in their relationship to the liquidation of a na-

tional bank"; and announced our conclusion that the Michigan Act under consideration carried no retroactive effect. In Starr v. Schram, 6 Cir., 143 F.2d 561, decided on the same day, we pointed out that the effect of enactment of the Michigan Act No. 170 in 1941 was discussed in our opinion in Rushton v. Schram, filed contemporaneously. In our opinion in the present case, Black, now Roth v. Delano, 6 Cir., 170 F.2d 966, we stated that we had held that Act No. 170 did not apply retroactively to dormant deposits in the insolvent Detroit bank.

The Supreme Court, in its opinion sending the case back to us, says [70 S.Ct. 22, 24]: "If the judgment below rests, as well it may, upon earlier decisional law of the Circuit which held that this Act was not intended to apply to receiverships beginning before its enactment, we would hardly review such construction of the State Act."

Therefore, we base our affirmance of the order of dismissal entered by the district court in this case solely upon the proposition that Act No. 170, Public Act of 1941 of Michigan, was not intended to apply to receiverships beginning, as the instant receivership did, before its enactment.

It would seem to be appropriate, in the light of the Supreme Court's opinion, to reenter our former judgment. The order of the district court is, therefore, again affirmed.